IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LANCE M. EWERT,

                        Plaintiff,                      OPINION AND ORDER

v.

                                                                 20-cv-354-wmc

FD HOLDINGS, LLC d/b/a Factual Data,

                        Defendant.

---

Plaintiff Lance M. Ewert alleges that defendant FD Holdings, LLC, d/b/a "Factual Data," violated his rights under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, by reporting his Chase credit card debt as "due and owing" after it had been discharged in bankruptcy. Before the court is defendant Factual Data's motion to dismiss, which argues that plaintiff's FCRA claim fails as a matter of law because: (1) the information in the report was not inaccurate; (2) even if inaccurate, defendant did not have prior notice of an inaccuracy; and (3) plaintiff failed to allege that he was harmed by any inaccuracy. (Dkt. #4.) For the reasons that follow, the court will grant the motion to dismiss, finding that plaintiff has failed to allege that the information in the report was inaccurate.

ALLEGATIONS OF FACT[1]

In October 2017, plaintiff filed a voluntary petition for individual bankruptcy under

---

[1] For purposes of defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of" plaintiff. *Jakupovic v. Curran*, 850 F.3d 898, 902 (7th Cir. 2017) (internal citation omitted). In addition, the court takes judicial notice of documents attached as exhibits to defendant's motion to dismiss because they are referenced in plaintiff's complaint and central to his claims. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

Chapter 7 in the United States Bankruptcy Court for the Western District of Wisconsin. *In re Ewert*, No. 1-17-13471-cjf (W.D. Wis. Bankr.). Among other things, the petition listed plaintiff's two, unsecured credit card accounts with Chase as disputed debts. (Def.'s Mot., Ex. A (dkt. #4-1).) On January 10, 2018, the United States Bankruptcy Court for the Western District of Wisconsin granted plaintiff a discharge. (Def.'s Mot., Ex. 2 (dkt. #4-2).)

Despite this discharge, defendant Factual Data is "reporting an account as due and owing on Plaintiff's credit report, specifically JP Morgan Chase Bank Card." (Compl. (dkt. #1-2) ¶ 8.) Plaintiff alleges that the "reporting of the accounts as due and owing is false." (*Id.* ¶ 9.) Defendant attaches to its motion the credit report Factual Data produced on June 4, 2018, for Ladysmith Federal Savings and Loan Association ("Ladysmith S&L"). (Def.'s Mot., Ex. 3 (dkt. #4-3).) Material to plaintiff's complaint, the report contained the following information about Ewert's Chase account:

| The following accounts are included in bankruptcy | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Opened | Reported | High balance | Reviewed | 30 | 60 | 90+ | Pastdue | Payment | Balance |
| CHASE CARD 9808 | 09/08 | 02/18 | 7,102 | --- | 1 | 1 | 4 | -0- | Bankruptcy | 2,066 |
| | Last active 02/17 | *BX1 *BU1 *BQ1 [Ind] | High limit 2,100 | Revolv (R) Credit card | 01/17 | 02/17 | 06/17 05/17 | | | |
| | Chapter 7 bankruptcy; Account closed by credit grantor 02/17 | | | | | | 04/17 03/17 | | | |

(*Id.* at 3-4.)[2] The report also provides information about Ewert's bankruptcy proceeding, including that he received a discharge. (*Id.* at 4.)

---

[2] Another report dated June 28, 2019, also created for Ladysmith S&L contains the same information about a Chase account. (Def.'s Mot., Ex. 4 (dkt. #4-4).) Defendant points out that this latter report indicates that plaintiff had obtained a "conventional mortgage" from Ladysmith S&L in July 2018, about a month after the earlier report." (Def.'s Br. (dkt. #4) 3.) This information, however, is not referenced in plaintiff's complaint, nor central to his claim. As a result, the court may not consider it for purposes of ruling on the present motion to dismiss. *Bogie*, 705 F.3d at 609.

Plaintiff further alleges that his "creditors and/or potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendant[] about Plaintiff's credit worthiness — including, but not necessarily limited to Ladysmith Federal Savings and Loan Association." (*Id.* ¶ 14.) As a result, plaintiff alleges "[t]he inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness." (*Id.* ¶ 15.)

## OPINION

### I. Standing

In its motion and opening brief, defendant fails to seek dismissal for lack of standing, at least explicitly, but does raise it as a separate ground for dismissal in its reply brief. However, defendant's opening brief does implicitly raise the issue by challenging whether plaintiff was harmed by defendant's alleged misrepresentation in his credit report, and regardless, the court has an independent obligation to ensure that plaintiff has standing to pursue his claim.

To satisfy Article III's standing requirement, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1991)). "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or

3

imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). To be "particularized," an injury must affect the plaintiff in a personal and individual way. *Id.* (citations omitted). To be "concrete," an injury "must actually exist" and must be "'real,' and not 'abstract.'" *Id.* (citation omitted).

Here, plaintiff alleges that: (1) defendant misrepresented the status of his Chase credit card account on his credit report by showing a balance due and owing; and (2) as a result, prospective creditors, including Ladysmith S&L, reviewed inaccurate information, which "negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness." (Compl. (dkt. #1) ¶ 15.) At least for pleading purposes, this allegation of harm is sufficiently concrete and particularized to satisfy the standing requirement. *See Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 345 (7th Cir. 2018) (finding standing where plaintiff alleged harm caused by credit report that failed to indicate that certain debts were disputed, explaining "[a]n inaccurate credit report produces a variety of negative effects"); *see also Bazile v. Fin. Sys. of Green Bay, Inc.*, No. 19-1298, 2020 WL 7351092, at *2 (7th Cir. Dec. 15, 2020) ("[T]he allegations of fact—though they must be clearly alleged, *Spokeo*, 136 S. Ct. at 1547—need only "plausibly suggest" each element of standing, with the court drawing all reasonable inferences in the plaintiff's favor, *Silha v. ACT, Inc.*, 807 F.3d 169, 173–74 (7th Cir. 2015)."). Accordingly, this court has jurisdiction to decide the merits of defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Of course, whether plaintiff would be able to demonstrate that he was actually harmed by this alleged inaccurate information -- especially in light of the purported

evidence showing that Ladysmith *did* provide him with a mortgage after reviewing the report -- is a merits determination, distinct from standing. *See Nagan v. Optio Sols. LLC*, No. 19-C-170, 2020 WL 2473417, at *2 (E.D. Wis. May 13, 2020) ("A finding that plaintiff has standing 'simply means that the plaintiff is entitled to "walk through the courthouse door" and raise his grievance before a federal court; it is a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits.'") (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1280 (11th Cir. 2001)). Moreover, as noted above, defendant attempts to usher in proof that plaintiff was not harmed in the context of his 12(b)(6) motion. While this attempt was improper, if the court had concluded that plaintiff stated a claim under the FCRA, then as the Seventh Circuit explained in *Bazile*, the proper next step would be to hold an evidentiary hearing for plaintiff to demonstrate harm. *See Bazile*, 2020 WL 7351092, at *2 ("Once the allegations supporting standing are questioned as a factual matter—either by a party or by the court—the plaintiff must support each controverted element of standing with "competent proof," *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936), which we've understood as 'a showing by a preponderance of the evidence, or proof to a reasonable probability, that standing exists,' *Retired Chi. Police Ass'n v. City of Chi.*, 76 F.3d 856, 862 (7th Cir. 1996).").

## II. 12(b)(6) Motion

As described above, defendant posits three bases for dismissal of plaintiff's FCRA claim. The court will only address the first argument -- that plaintiff's FCRA claim fails as

a matter of law because the credit report did not contain inaccurate information -- since it alone serves as an adequate basis to dismiss his complaint.

Title 15 U.S.C. § 1681e(b) requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." To state a violation of this statute, a plaintiff must allege that "a consumer reporting agency prepared a report containing 'inaccurate' information." *Denan v. Trans Union LLC*, 959 F.3d 290, 293–94 (7th Cir. 2020); *Walton v. BMO Harris Bank N.A.*, 761 F. App'x 589, 591 (7th Cir. 2019) (holding a consumer reporting agency "cannot be liable as a threshold matter [under § 1681e(b)] if it did not report inaccurate information").

In his complaint, plaintiff alleges that defendant reported that his Chase credit card debt was still "due and owing" despite its discharge in bankruptcy. As defendant points out in its motion, the credit report itself does not state that the account was still "due and owing." Instead, the report indicates that this account was part of plaintiff's Chapter 7 bankruptcy proceeding and further describes that plaintiff received a discharge as part of his bankruptcy. For "payment," the report further lists "Bankruptcy," while for "balance," the report identifies $2,066. Thus, plaintiff's claim hinges on whether the inclusion of the $2,066 figure under balance, viewed in the context of the other information, was inaccurate. Specifically, plaintiff argues that "[p]utting the balance on a consumer report when the debtor does not have a personal obligation to pay it misrepresents the consumer's obligations and therefore inaccurately states the risk that a creditor may have be lending money to that consumer." (Pl.'s Opp'n (dkt. #5) 5.)

Unfortunately for plaintiff, however, this argument has been rejected by a number of courts, all of whom have essentially concluded that the inclusion of a discharge "balance" on a credit report is not by itself inaccurate. For example, defendant directs the court to *Vogt v. Dynamic Recovery Services*, 257 B.R. 65 (D. Colo. Bankr. 2000), in which that bankruptcy court dismissed a debtor's FCRA clam based on the same material claim as here, that listing a "balance" for a discharged debt was inaccurate. As that court explained, the bankruptcy discharge did not "wipe away the debt"; rather, "[i]t only serves to eliminate the debtor's personal responsibility to pay the debt." *Id.* at 70.

Similarly, in *In re O'Connell*, No. 4:05BK07616-JMM, 2008 WL 5046496 (Bankr. D. Ariz. Oct. 29, 2008), the bankruptcy court rejected a debtor's request to "require[e] certain of his creditors, as well as various credit reporting agencies, to report that there is 'no balance due' on certain debts discharged in his chapter 7 proceeding." *Id.* at *1. In rejecting this request, the bankruptcy court explained that reporting a balance is not "inaccurate," because it is reporting "simply the facts of non-payment and prior delinquencies," and also noted, as here, that the report accurately describes "the bankruptcy proceedings and discharge." *Id.*

Likewise, in *Abeyta v. Bank of Am., N.A.*, No. 215CV02320RCJNJK, 2016 WL 304308 (D. Nev. Jan. 25, 2016), the district court dismissed an FCRA claim premised on a similar theory as that at issue. In *Abeyta*, the plaintiff alleged that a notation that she was "120–149 days behind on her debt to" defendant was inaccurate in light of her bankruptcy discharge. *Id.* at *2. In rejecting the argument, the *Abeyta* court explained that it was

7

> unaware of any statute or case providing that discharge in bankruptcy makes a debt unreportable (as opposed to uncollectable) so long as only the fact of the previous delinquency is reported. The fact that Congress explicitly permits bankruptcies themselves to be reported for ten years from the date of discharge, *see* 15 U.S.C. § 1681c(a)(1), undermines any argument that Congress intended specific debts discharged in bankruptcy to be categorically unreportable.

*Id.*

In response to this line of cases, plaintiff attempts to marshal legal support for his position, but the decisions that he cites are readily distinguishable from the allegations at issue here. First, plaintiff points to *In re Torres*, 367 B.R. 478 (Bankr. S.D.N.Y. 2007), in which the bankruptcy court denied defendant creditor's motion to dismiss a plaintiff's claim to enforce the Bankruptcy Code's section 524(a)'s discharge injunction. Even putting aside that this case does not deal with an FCRA claim, which the court dismissed for lack of subject matter jurisdiction, 367 B.R. at 481, the facts at issue in *Torres* are materially different. Critically, the *Torres* court recognized that

> a bankruptcy discharge does not send a debt into the equivalent of *1984*'s "memory hole," but rather held a credit report that continues to show a discharged debt as "outstanding," "charged off," or "past due" is unquestionably inaccurate and misleading, because end users will construe it to mean that the lender still has the ability to enforce the debt personally against the debtor, that is, that the debtor has not received a discharge, that she has reaffirmed the debt notwithstanding the discharge, or that the debt has been declared non-dischargeable.

*Id.* at 487-88. In contrast, the report here states that the Chase credit account was part of the bankruptcy proceeding *and* plaintiff received a discharge. As such, the facts at issue in this case are distinguishable from those at issue in *In re Torres*.

Plaintiff also cites *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), for the proposition that "[a]sserting a debt is owed when it was included in bankruptcy is, 'on its face . . . false.'" (Pl.'s Opp'n (dkt. #5) 6.) Again, this decision merely underscores the distinction between reporting accurately the facts underlying a bankruptcy discharge and inaccurately reporting that a discharged debt remained due and owing. Indeed, in *Turner*, the Seventh Circuit considered whether a debt collector violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, in sending a collection letter seeking payment of a debt that had been discharged in bankruptcy. In fact, the letter at issue in *Turneri* not only affirmatively stated that the creditor was attempting to collect a debt in direct violation of bankruptcy law, but made no reference to the plaintiff's bankruptcy proceeding or the fact that the debt had been discharged. *Id.* at 994. Even putting aside that *Turner* concerned an FDCPA claim, the alleged inaccurate credit report at issue here included statements (1) acknowledging plaintiff's bankruptcy, (2) that the Chase credit card account was subject to the bankruptcy proceeding, *and* (3) that the debt had been discharged.

Finally, plaintiff cites *Steinmetz v. American Honda Finance*, No. 2:19-CV-64 JCM (VCF), 2019 WL 4415090 (D. Nev. Sept. 16, 2019), for the legal proposition that with respect to a discharged debt, an "accurate" credit report may list a "'zero balance' on a discharged debt, 'given that plaintiffs have cast off their personal liability—that is, plaintiffs technically owe nothing more on those accounts." (Pl.'s Br. (dkt. #5) 6.) However, plaintiff fails to acknowledge the materially different context for this statement. In *Steinmetz*, the plaintiff alleged that a defendant violated the FCRA by reporting a *zero*

9

balance -- as opposed to the facts at issue here where defendant reported a balance, albeit discharged -- because the plaintiff was continuing to make payments to the creditor. In rejecting the plaintiff's argument and dismissing his FCRA claim, the *Steinmetz* court explained:

> After a debt is discharged, a CRA "reporting 'zero balances' is accurate, given that plaintiffs have cast off their personal liability—that is, plaintiffs technically owe nothing more on those accounts." *Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp. 3d 665, 674 (E.D. Penn. 2015). Thus, this court comes to the same conclusion as the court did in *Reichardt* [*v. Trans Union LLC*, No. CV-18-00223-TUC-RCC, 2019 WL 1359119 (D. Ariz. Mar. 26, 2019)]: "[a] credit reporting agency need not continue to report a mortgage account when the debtor's personal liability on the mortgage account was discharged through bankruptcy, regardless of whether the debtor continues to make payments on the mortgage." [*Id.*] at *3 (citing *Horsch*, 94 F. Supp. 3d at 674–75; *Schueller v. Wells Fargo & Co.*, 559 F. App'x 733, 734 (10th Cir. 2014)).

2019 WL 4415090 at *3. At no point, however, did the court hold that a credit agency *must* report "zero balances" for discharged debts, nor otherwise hold that providing more detail about the discharged debt would be inaccurate. As such, *Steinmetz* also fails to provide support for plaintiff's claim.[3]

In the end, the court is left with the persuasive reasoning of those courts dealing with the same material facts and basic legal issue presented here. As a result, the court

---

[3] After plaintiff submitted his opposition brief, the Ninth Circuit affirmed in part, reversed in part and remanded in *Steinmetz v. Am. Honda Fin. Corp.*, No. 19-16865, 2020 WL 6557525 (9th Cir. Nov. 9, 2020). The Ninth Circuit affirmed the district court's dismissal of the FCRA claim premised on the defendant's reporting of a zero balance where plaintiff continued to make payments on the discharged debt, explaining "Steinmetz did not make a prima facie showing that American Honda reported inaccurate information to the credit reporting agencies ('CRAs') by not reporting his payments on his car loan after his Order of Discharge was entered, because those debts were 'provided for' by his bankruptcy plan." *Id.* at *1.

10

holds that defendant's reporting the balance on plaintiff Ewert's Chase credit account is not by itself inaccurate as a matter of law in light of other information on the report explaining that this account was part of his Chapter 7 bankruptcy proceeding and that he received a discharge of that debt as a result of those proceedings.  Accordingly, the court agrees that plaintiff has failed to state a claim for a violation of the FCRA and will grant defendant's motion to dismiss.

ORDER

IT IS ORDERED that:

1) Defendant FD Holdings, LLC d/b/a Factual Data's motion to dismiss (dkt. #4) is GRANTED.

2) The clerk's office is directed to enter judgment in defendant's favor and close this case.

Entered this 19th day of January, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge